## SAMUEL SLATER *versus* JOHN DUDLEY.

A father conveyed his life estate in certain land to his son, on condition, that whereas the son had agreed to support the father during his life, and the father was desirous of remaining in possession for the purpose of securing such support, the deed should be void if the son should fail to furnish such support, or should disturb the father in the peaceable possession of the land. It was *held*, that such deed was not *per se* fraudulent as against creditors of the father, but was open to explanation ; and that the stipulation as to the support of the father and his remaining in possession, was a condition, and not a reservation defeating the grant.

WRIT of entry. Trial before *Putnam* J.

The demandant, on the 21st of November, 1831, attached the demanded premises as the property of Paul Dudley, and afterwards duly extended his execution thereon.

The tenant claimed under a deed from Paul Dudley.

On the 22d of October, 1831, Benjamin Dudley, by a codicil to his last will, devised " to Paul Dudley and his wife Dorothy, an undivided two thirds part of the use and improvement " of the demanded premises ; " to have and to hold, to use and improve the same, to each of them, during their natural lives, and to the longest liver of them. It is to be understood the said use and improvement of the said two thirds is to be and remain for the sole support of the said Paul and Dorothy and for no other."

On the 23d of October, 1831, Paul Dudley, who was the father of the tenant, executed a deed, setting forth, that in consideration of the sum of $ 1000 paid him by the tenant, he thereby granted and quitclaimed all his right and title in the demanded premises, to the tenant, his heirs and assigns ; and that the deed was " on condition, that whereas the said John Dudley has covenanted and agreed to furnish the said Paul Dudley and his wife, Dorothy, bed, board, clothing and physic, and in all respects support and provide for the said Paul and Dorothy a good and comfortable living, both in sickness and health, for and during each of their, the said Paul and Dorothy's, natural lives, and the longest liver of them, and whereas the said Paul and Dorothy are desirous of remaining in possession of said described premises, for the purpose of securing said support, now therefore, if the said John Dudley shall fail

Slater
v.
Dudley.

in any respect faithfully to furnish good and sufficient support, as aforesaid, in sickness and in health, or shall, at any time during the natural lives of the said Paul and Dorothy, disturb them in the peaceable possession of the aforesaid described premises, then this deed is to be void, otherwise to remain in full force and virtue in the law." This deed was delivered on the 24th of October, 1831, in the evening after the death of Benjamin Dudley, and was recorded on the next day. The whole consideration was an agreement, testified to have been made at the time, by which it was stipulated, that the tenant should give up to the grantor, securities held against him amounting to the sum of $ 1000. These securities were not specified, and were not given up until the 22d of January, 1832, when several negotiable notes, amounting to the sum of $ 1176, were delivered up to the grantor by the tenant, and a new note taken for the excess over the sum of $ 1000.

The demandant contended, that under the circumstances of the case, the intervention of his attachment between the execution of the deed and the actual payment of the consideration. defeated the conveyance to the tenant.

The demandant further contended, that the deed was void , that as a life estate was granted and a life estate taken back, the deed was destructive of itself ; that even if it might have any validity between the parties thereto, it was, upon its face, void against a *bonâ fide* creditor of the grantor, as fraudulent or conclusive evidence of fraud in law ; and that it was made with intent to defraud creditors. But the jury were directed to consider the contents of the deed, and particularly the condition annexed to it, in connexion with the other evidence of fraud.

-The jury returned a verdict for the tenant.

If the Court should determine, that the deed was void or inoperative, the verdict was to be set aside, and the tenant defaulted ; unless they should be of opinion, that no estate passed to Paul Dudley by the codicil, which could be extended upon by his creditors ; in which case, the verdict was not to be disturbed.

*Oct. 5th.*　　　C *Allen* and *Bacon*, for the demandant, to the point, that the deed of Paul Dudley was, upon its face, fraudulent as against his creditors, and void, the object of the deed being

to convey the legal estate to the grantee, while the whole beneficial interest was reserved to the grantor, cited *Northampton Bank* v. *Whiting,* 12 Mass. R. 110 ; *Hills* v. *Eliot,* 12 Mass. R. 26 ; 2 Cruise's Dig. *tit.* 13, *c.* 1 ; and to the point, that it was directly contrary to *St.* 27 *Eliz. c.* 4, § 5, Rob. Fraud. Conv. 12.

*Barton,* for the tenant, contended, that the deed vested the legal estate in the grantee, reserving to the grantor only a license to remain in possession, or that it might be considered as raising a valid trust for the grantor ; and cited *Newhall* v. *Wheeler,* 7 Mass. R. 189 ; *Cadogan* v. *Kennett,* 2 Cowp. 432 ; *Doe* v. *Routledge,* 2 Cowp. 705.

WILDE J. delivered the opinion of the Court. The tenant claims under a deed from Paul Dudley, the former owner of the demanded premises ; but the demandant objects that this deed is fraudulent on the face of it, and that on this ground the verdict ought to be set aside. It is true, that the stipulation of the tenant, or the condition in the deed, for the support and maintenance of the grantor and his wife, was *primâ facie* evidence of fraud ; but it was open to explanation, and was explained to the satisfaction of the jury. The evidence is not reported, but it is understood that the full value of the estate was paid, and if so, the agreement to support the grantor and his wife, although it might appear to be a suspicious circumstance, was gratuitous, but not conclusive evidence of fraud. The whole evidence was submitted to the jury, and we cannot say that they have done wrong by establishing the deed. The circumstance, that the notes were not given up at the time the deed was executed, nor until after the attachment, is but a slight circumstance ; for the tenant agreed to give them up, and that agreement was binding.

It was also contended, that upon a fair construction of the deed, the stipulation as to the board and maintenance of the grantor and his wife, amounts to a reservation ; but we think, that neither the words of the deed, nor the general rules by which all conveyances are to be construed, will admit such a construction. For a life estate only passed by the grant, and if by the reservation a life estate were taken back, the reservation would be repugnant to the grant and void. The stipulation

Slater
*v.*
Dudley

in question was, therefore, clearly a condition, and the condition does not appear to have been broken ; so that the tenant's title remains unimpaired, and the question as to the supposed trust under the codicil of Benjamin Dudley becomes immaterial.

*Judgment on the verdict.*